UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

    Petitioner,

    v.     CAUSE NO. 3:25-CV-425-JD-JEM

INDIANA ATTORNEY GENERAL,

    Respondent.

OPINION AND ORDER

Robin Dale Kilgore Peppers, proceeding *pro se*, filed a habeas corpus petition to challenge three convictions entered by the St. Joseph Superior Court. Specifically, on October 14, 2016, the St. Joseph Superior Court sentenced him to one year of incarceration suspended pending a six-month term of probation in Case No. 71D05-1408-CM-3095.[1] On February 25, 2020, the St. Joseph Superior Court sentenced him to time served in Case No. 71D03-1807-F6-714. On November 8, 2023, the St. Joseph Superior Court dismissed the charges in Case No. 71D01-2306-F6-705. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Significantly, 28 U.S.C. § 2254(a) allows individuals to pursue habeas petitions only if they are in custody pursuant to the judgment of a State court. The custody

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

requirement is satisfied if the petitioner was in custody at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). On May 14, 2025, Peppers filed the habeas petition initiating this case. ECF 1.

It is readily apparent that Peppers was no longer in custody in connection with the three State criminal cases on May 14, 2025. In Case No. 71D03-1807-F6-714, he was sentenced with time served five years ago, and in Case No. 71D01-2306-F6-705, he received no sentence. Though it is unclear precisely when his sentence in Case No. 71D05-1408-CM-3095 expired, it was a one-year sentence imposed more than eight years ago, and there is no indication that it ran consecutively with any other sentence. *See Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) ("[A] prisoner serving consecutive sentences is in custody under any one of them for purposes of the habeas statute."). Additionally, Peppers attests that he is not presently incarcerated at a prison or a jail. ECF 2 at 1. Because Peppers was no longer in custody when he filed the petition in this case, the court cannot grant him habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Peppers to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because Robin Dale Kilgore Peppers was not in custody when he filed the habeas petition;

(2) DENIES Robin Dale Kilgore Peppers a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 16, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT